**ORIGINAL**

KUNTZ, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BLOOM, M.J.

MUSHTAQ AHMAD

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

See attached   Page 1-1

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. **CV 18 - 3494**

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☒ Yes   ☐ No
*(check one)*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MUSHTAQ AHMAD,

Plaintiff

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION (DOE);
UNITED FEDERATION OF TEACHERS (UFT);
NEW YORK STATE UNITED TEACHERS (NYSUT);
CARMEN FARIÑA, the Chancellor of the NYCDOE, in her
official capacity; MICHAEL PRAYOR, Superintendent of the
Brooklyn Schools in District 73, in his individual and official
capacity; JAMES OLEARCHIK, the Principal of the School of
Democracy and Leadership (SDL), in his individual and
official capacity; EMILIE MITTIGA, Assistant Principal of
SDL, in her individual and official capacity;
CATRINA WILLIAMS, Assistant Principal of SDL, in her
individual and official capacity; CEDRIC HALL, the
Principal of the Eagle Academy for Young Men III (29Q327)
Queens, in his official capacity; BENJAMIN GROSSMAN, the
Principal of Bronx Academy for Software Engineering (BASE)
Bronx, in his official capacity; KATHERINE G. RODI,
Director of DOE's Office of Employee Relations, in her
official and individual capacity; KELLY HOUSTON, Science
Chairperson/Teacher of SDL, in her official and individual
capacity; JULIA FINDLEY, Teacher and a Delegate to UFT or
NYSUT Delegate Assembly, in her individual and official
capacity; JOHN DOES 1-3; and JANE DOES 1-3,

Defendants.

COMPLAINT

JURY TRIAL DEMANDED

Non-Jewish, Non-anti-Islam
and Non-Muslim-Hater
Judge and Court Staff
**Demanded**

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Mushtaq, Ahmad |
| Street Address | 10 Parliament Drive |
| City and County | New City, Rockland |
| State and Zip Code | NY 10956 |
| Telephone Number | 845-708-5837 |
| E-mail Address | NYmushtaq@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | See attached Page 2-1 |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |

2

**Names and Addresses of the Defendants**

New York City Department of Education (NYC DOE), 65 Court Street, Brooklyn, NY 11201

United Federation of Teachers (UFT) - 52 Broadway, New York, NY 10004

New York State United Teachers (NYSUT) - 52 Broadway, 9th Floor, New York, NY 10004

Farina Carmen (Chancellor) - 52 Chambers Street, New York, NY 10007-
CGFarina@schools.nyc.gov

Michael Prayor (Superintendent) - 1830 Shore Boulevard, Brooklyn, NY 11235 -
mprayor@schools.nyc.gov

James Olearchik (former Principal of School for Democracy and Leadership (SDL), 600
Kingston Avenue, Brooklyn, NY 11203 – Present address unknown -
jolearchik@schools.nyc.gov

Emilie Mittiga (former Assistant Principal of School for Democracy and Leadership (SDL), 600
Kingston Avenue, Brooklyn, NY 11203 – Present address unknown - emittiga@gmail.com

Catrina Williams (former Assistant Principal of School for Democracy and Leadership (SDL),
600 Kingston Avenue, Brooklyn, NY 11203 – Present address unknown.
cwillia23@schools.nyc.gov

CEDRIC HALL, the Principal of the Eagle Academy for Young Men III (29q327)-
171-10 Linden Boulevard, Queens, NY 11434, Phone: 718-480-2600  chall26@schools.nyc.gov

BENJAMIN GROSSMAN, the Principal of Bronx Academy for Software Engineering (Base)
2474 Crotona Avenue, Bronx, NY 10458, Phone: 718-733-6024  bgrossman@schools.nyc.gov

KATHERINE G. RODI, Director of the Office of Employee Relations (OPI), 65 Court Street,
Brooklyn, NY 11201  krodi@schools.nyc.gov

Kelly Houston (former Science Chairperson/teacher of School for Democracy and Leadership
(SDL), 600 Kingston Avenue, Brooklyn, NY 11203 – Present address unknown -
khouston@schools.nyc.gov

Julia Findley (former teacher of School for Democracy and Leadership (SDL), 600 Kingston
Avenue, Brooklyn, NY 11203 – Present address unknown - jfindla@schools.nyc.gov

State and Zip Code _____

Telephone Number _____

E-mail Address _____
(if known)

## C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name _____ *See attached page 3-1*

Street Address _____

City and County _____

State and Zip Code _____

Telephone Number _____

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

## Place of Employment

The addresses at which I sought employment or was employed by the defendants are:


1- School For Democracy And Leadership
      School Number: K533
Address:  600 Kingston Avenue
      Brooklyn, Kings County
      NY 11203
Phone: 718-771-4865


2- Eagle Academy For Young Men III
      School Number: Q327
Address: 171-10 Linden Boulevard
      Queens, Queens County
      NY 11434
Phone: 718-480-2600


3- Bronx Academy For Software Engineering (BASE)
      School Number: X264
Address: 2474 Crotona Avenue
      Bronx, the Bronx
      NY 10458
Phone: 718-733-6024

☒ Other federal law *(specify the federal law)*:
_42 U.S. c §§ 1983, 1981, 1985, §§ 102 and 103 of Civil Right Act 1991_
_Due process clause of the fourteenth Amendment to the U.S. Constitution._

☒ Relevant state law *(specify, if known)*:
_New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297_

☒ Relevant city or county law *(specify, if known)*:
_New York city Human Rights Law, N.Y. city Admin Code §§ 8-101 to 131_

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☒ Failure to hire me.

☒ Termination of my employment.

☐ Failure to promote me.

☐ Failure to accommodate my disability.

☒ Unequal terms and conditions of my employment.

☒ Retaliation.

☒ Other acts *(specify)*: _Harassed me and created a hostile work environment._ _violated Collective Bargaining Agreement (CBA) Defamation, failure to represent and process grievances due to prejudice_
*(Note: Only those grounds raised in the charge filed with the Equal* _and hostility._ *Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
_Continuing_

C.     I believe that defendant(s) *(check one)*:

      ☒     is/are still committing these acts against me.

      ☐     is/are not still committing these acts against me.

D.     Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

      ☒     race _____

      ☒     color_____

      ☐     gender/sex _____

      ☒     religion _____

      ☒     national origin _____

      ☒     age. My year of birth is __1957__. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

      ☐     disability or perceived disability *(specify disability)*
             _____

E.     The facts of my case are as follows.  Attach additional pages if needed.

        *See main complaint (26 Pages) attached hereto*

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

       _____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment
Opportunity Commission or my Equal Employment Opportunity counselor
regarding the defendant's alleged discriminatory conduct on *(date)*

June 28, 2017    and    April 06, 2018

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on *(date)*

March 14, 2018   and   May 23, 2018  .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the
Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment
Opportunity Commission regarding the defendant's alleged discriminatory
conduct *(check one)*:

☒   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to
order.  Do not make legal arguments.  Include any basis for claiming that the wrongs
alleged are continuing at the present time.  Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts.  Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

See Main complaint (26 pages) attached hereto.

**VI.**     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.**     **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 11, 2018.

Signature of Plaintiff     _____

Printed Name of Plaintiff     MUSHTAQ AHMAD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MUSHTAQ AHMAD,

                                  Plaintiff

                  -against-

NEW YORK CITY DEPARTMENT OF EDUCATION (DOE);
UNITED FEDERATION OF TEACHERS (UFT);
NEW YORK STATE UNITED TEACHERS (NYSUT);
CARMEN FARIÑA, the Chancellor of the NYCDOE, in her
official capacity; MICHAEL PRAYOR, Superintendent of the
Brooklyn Schools in District 73, in his individual and official
capacity; JAMES OLEARCHIK, the Principal of the School of
Democracy and Leadership (SDL), in his individual and
official capacity; EMILIE MITTIGA, Assistant Principal of
SDL, in her individual and official capacity;
CATRINA WILLIAMS, Assistant Principal of SDL, in her
individual and official capacity; CEDRIC HALL, the
Principal of the Eagle Academy for Young Men III (29Q327)
Queens, in his official capacity; BENJAMIN GROSSMAN, the
Principal of Bronx Academy for Software Engineering (BASE)
Bronx, in his official capacity; KATHERINE G. RODI,
Director of DOE's Office of Employee Relations, in her
official and individual capacity; KELLY HOUSTON, Science
Chairperson/Teacher of SDL, in her official and individual
capacity; JULIA FINDLEY, Teacher and a Delegate to UFT or
NYSUT Delegate Assembly, in her individual and official
capacity; JOHN DOES 1-3; and JANE DOES 1-3,

                                  Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Non-Jewish, Non-anti-Islam
and Non-Muslim-Hater
Judge and Court Staff
**Demanded**

## JURISDICTION AND VENUE

1- This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and

1343 as the cause of action in this pleading arise under 42 U.S.C. §§ 1981, 1983 and

1985, 42 U.S.C.§§2000e to 2000e-17, *et seq.* of Title VII of the Civil Rights Act of

1964: ("Title VII"), the Age Discrimination in Employment Act of 1967: 29 U.S.C.§§ 621 to 634, *et seq.* (ADEA), §§ 102 and 103 of the Civil Rights Act of 1991, Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and also because the matters in controversy arise under the Constitution and laws of the United States. This Court has supplemental jurisdiction over Plaintiff's related state law claims and New York City law claims under 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as Plaintiff's federal claims.

2- Venue is proper in this Court under 28 U.S.C. § 1391(b) because one or more of the Defendants reside within this Court's judicial district and a substantial part of the events or omissions giving rise to the claims occurred within the judicial district.

## THE PARTIES

3- Plaintiff, Mushtaq Ahmad is a 60-year-old, male, naturalized U.S. citizen of Pakistani descent and national origin. He is a Muslim and currently resides in Rockland County, New York.

4- Defendant, the City School District of the City of New York commonly does business under the name New York City Department of Education (DOE). Board is a school board organized under and existing pursuant to the Education Law of the State of New York and, for all relevant purposes, serves as the government or public employer of all persons appointed to teach within the New York City public schools.

2

5- Defendant, United Federation of Teachers (UFT) is the labor union that represents most teachers in New York City public schools.

6- Defendant, New York State United Teachers (NYSUT) is a New York state teachers' union, affiliated since 2006 with the American Federation of Teachers (AFT), the AFL-CIO, and the National Education Association (NEA)

7- Defendant, Carmen Fariña was the Chancellor of the DOE, and, pursuant to the Education Law, functioned as the superintendent of schools and chief executive officer of the NYCDOE.

8- Defendant, Michael Prayor was the Superintendent of the Brooklyn schools in District 73.

9- Defendant, James Olearchik was the principal of the School of Democracy and Leadership (SDL).

10- Defendant, Emilie Mittiga was an Assistant Principal of SDL.

11- Defendant, Catrina Williams was an Assistant Principal of SDL.

12- Defendant, Cedric Hall was the Principal of the Eagle Academy for Young Men III (29Q327) Queens.

13- Defendant Benjamin Grossman was the Principal of Bronx Academy for Software Engineering (BASE) Bronx.

14- Defendant Katherine G. Rodi was the Director of DOE's Office of Employee Relations.

15- Defendant, Kelly Houston, was the Science Chairperson/teacher of SDL.

16- Defendant Julia Findley was a teacher and delegate to UFT or NYSUT Delegate Assembly.

3

## THE FACTS

17- Plaintiff was hired by the DOE in 1999 as a science teacher.

18- Plaintiff worked from September 1999 through September 2004 as a high school chemistry/science teacher in Brooklyn as a DOE employee, and was rated as "Satisfactory," with the additional comment "outstanding teacher," by the principal of Canarsie High School, and was granted tenure in 2004.

19- Plaintiff, after receiving tenure in DOE, resigned on good terms, accepted a job as a chemistry teacher in the Clarkstown Central School District, and moved, along with his family, to Rockland County.

20- In August 2015, Mr. James Olearchik, the principal of the School of Democracy and Leadership (SDL), one of the DOE schools, offered Plaintiff the position of a chemistry teacher in SDL, and made false promises to entice Plaintiff into accepting the position.

21- On or about August 3, 2015, Mr. Olearchik, the Principal of SDL, after interviewing Plaintiff and observing his demo lesson on 7/16/15, recommended Plaintiff's hiring as a science teacher at SDL and, via telephone, promised to Plaintiff that he would be teaching all Chemistry classes except one Living Environment Regents prep class.

22- On August 13, 2015, Principal told Plaintiff via telephone that Mr. Tinkle, an investigator at the DOE's Office of Personal Investigation (OPI) had told the Principal about Plaintiff's discrimination lawsuit against East Ramapo Central School District (ERCSD).

23- Plaintiff alleges that in retaliation for Plaintiff's discrimination lawsuit against ERCSD, the Principal, at least ten days after making his recommendation for Plaintiff's hiring after the first demo lesson and interview, required Plaintiff to come back for a second demo on August 14, 2015.

4

24- After the strange and unusual second demo lesson, Kelly Houston, a science teacher, told Plaintiff that it was Assistant Principal Catrina Williams who made Plaintiff come back for the secibd demo because Catrina Williams did not want to have a Muslim chemistry teacher in SDL.

25- Plaintiff's hiring was processed by DOE's Division of Human Resources per the Principal's recommendation made on or about August 3, 2015. However, After Plaintiff's hiring, Plaintiff was discriminated against based on his race, religion, and national origin and retaliated against based on his lawsuit against ERCSD.

26- After Plaintiff's hiring at SDL, AP Catrina Williams said to Plaintiff that it was she who made Plaintiff come back for the second demo because she doubts Muslim people and they (Muslims) are doing wrong things all over the world.

27- SDL was on the the third floor of the old Wingate HS campus but Plaintiff was the only teacher who was assigned to a classroom on the first floor, which was equipped with a blackboard. However, Plaintiff was not provided with even the eraser for that blackboard. All of the classrooms, on the third floor, were equipped with either a whiteboard or SMART board.

28- Principal Olearchik did not keep his promise of giving Plaintiff all Chemistry classes except one Living Environment Regents prep class. However, the Principal gave Plaintiff two Chemistry classes, two Living Environment repeater classes, and one regular Living Environment class during the first semester. In the second semester, Plaintiff was given only one Chemistry class, two Living Environment repeater classes, and one Ecology/General Science class.

5

29- Due to the Principal's retaliation, Plaintiff, who was enticed and allured by the Principal's oral promise, was compelled and forced to teach out of his license area. Plaintiff was the only teacher who was given all Living Environment repeater classes. No teacher from the Principal's race (Caucasian) got a Living Environment repeater class or multiple sections of such.

30- Most of the repeating students were from AP Williams' and Julia Findley's classes. Principal did not rate them (AP Williams and Julia Findley) "Ineffective" or "Developing," but only Plaintiff. Upon information and belief, Principal Olearchik discriminated against Plaintiff on the basis of race, religion, and national origin,

31- Plaintiff was probably the only teacher who taught in the content area during the first period, designated as "1 Circle," and it was only thirty minutes long. Plaintiff's first-period Chemistry class was scheduled for only thirty minutes daily, four days a week with built-in labs -- no separate lab period. Plaintiff complained to the Principal and Assistant Principals that the thirty minutes daily during the first period, but only for four days per week (roughly forty-five hours annual instructional time after deducting twelve hundred lab minutes mandated by NYSED) was not enough to cover the Chemistry curriculum and the students were set for failure.

32- Upon information and belief, the school administration coached, manipulated, organized, and used students against Plaintiff, based on his race, religion and national origin. AP Catrina Williams and AP Emilie Mittiga brought students to curse at Plaintiff, did nothing to stop the students from cursing, nor took any disciplinary action against the students who cursed at Plaintiff in the presence of Assistant Principals.

6

33- Upon information and belief, Julia Findley, a teacher, on the basis of race, religion and national origin, let a student throw a solution of chemicals at Plaintiff. Furthermore, she did not stop the student from throwing chemicals and did not even tell the student not to assault Plaintiff and make threats to him. However, Julia Findley smirked and took two students, out of the classroom, to the Dean's office, wrote a statement against Plaintiff and, upon information and belief, helped the students to write statements against Plaintiff. Upon information and belief, the Principal, based strictly on Plaintiff's race, religion, and national origin took no action against Julia Findley for not doing her duty of team-teaching with Plaintiff and for staying out of the classroom.

34- Upon information and belief, Julia Findley asked other students in the school to write statements against Plaintiff, and told them that she did not want to see a Muslim teacher in SDL. The principal was informed about it but he took no action against Julia Findley. Rather, he met with students to do witnesses coaching.

35- The Principal threatened Plaintiff of dire consequences if Plaintiff did not do, (in addition to his own work), the work of his team-teaching partners, Julia Findley and AP Williams. Julia Findley and AP Williams refused to agree to any of the team-teaching models identified by the United Federation of Teachers (UFT) and that are posted on the UFT's website. The Principal compelled and forced Plaintiff to do his part/share and the parts/shares of his team-teacher partners, Julia Findley and AP Williams. The Principal took no action against Julia Findley and AP Williams.

36- When Plaintiff complained to the Principal that his team-teachers [Julia Findley and AP Williams] were not doing their fair share of teaching, then the Principal told Plaintiff to do all the work or face dire consequences.

7

37- AP Williams, AP Mittiga and Principal Olearchik intentionally made the work environment hostile and unsafe for Plaintiff due to his race, religion and national origin. The administrators took no action against the students who cursed at Plaintiff, made threats to Plaintiff, used "F" words about Plaintiff's wife, stole DOE property from Plaintiff's classroom in the presence of Plaintiff and removed resources from Plaintiff's classroom. However, on the other hand, when students did anything negative in a Caucasian teacher's class, then the students were required to apologize to the Caucasian teacher.

38- On behalf of the school administration, a Caucasian Dean from the SDL Dean's Office, almost every school day, published students' names, their infractions, suspension, and the new locations of the students during suspensions. This publication was sent to all SDL staff members through the SDL global e-mail system. The Principal did not take any disciplinary action against that Caucasian Dean. However, on the other hand, the Principal put a disciplinary letter of verbal abuse in Plaintiff's personnel file when Plaintiff mentioned two students' names in a Do Now activity and distributed papers with those two students' names on them only to the three students of that same lab group. Upon information and belief, the Principal had different rules for people of different races, religions, and national origins.

39- In violation of the Collective Bargaining Agreement (CBA), Plaintiff was forced by the school administrators to work during his duty-free lunch period, preparation period, and after school. So far, Plaintiff has won two grievances and one Annual Professional Performance Review (APPR) complaint against the school administration.

8

40- The Principal and AP Williams intentionally lied, and forced Plaintiff to sign the observation report again, which he had previously signed, rebutted, and grieved, so they could get rid of Plaintiff's rebuttal, and grievance.

41- The school administration has doctored and tampered with Plaintiff's personnel file.

42- AP Williams made false comments in Plaintiff's formal observation report. All chemistry students' statements attached to Plaintiff's rebuttal to the said observation report prove AP Williams wrong and that she had intentionally targeted Plaintiff on the basis of his race, religion, and national origin.

43- Plaintiff opted for the videotaping of his formal observation, and, therefore, requested that videotaping take place. However, the Principal denied that request. Furthermore, SDL administrators did not grant permission to Plaintiff to bring his own video camera and videotape his lesson.

44- SDL administration did not have enough lab aprons for all chemistry students. When Plaintiff brought the safety hazard issue to the Principal's attention, then the Principal ordered Plaintiff not to do Chemistry labs with his students. The Principal did not buy lab aprons and allow students to complete their lab experiences that were required by the New York State Board of Regents. That was a deliberate attempt of the Principal to make more of Plaintiff's students ineligible to take the NYS Chemistry Regents, let others fail, and then use the data against Plaintiff.

45- The Principal pressured Plaintiff to give a year-end passing grade in a Chemistry class to a student who was excessively absent, did not have enough labs, and was missing homework, quizzes and tests. Furthermore, when Plaintiff did not give that student a passing grade, the student cursed at Plaintiff in front of AP Mittiga. The AP did not tell

9

the student not to curse, and neither the AP, nor the Principal took any action against the student.

46- May 27, 2016, was a fun day at SDL and there were no classes on that day. Plaintiff was scheduled to have some joyful moments by watching a food competition. However, the Principal of SDL put Plaintiff in isolation in his office and required him to grade mock Chemistry Regents. The purpose was to keep Plaintiff away from the gatherings inside and outside the school. Upon information and belief, that was done due to Plaintiff's race, religion, and national origin.

47- When Plaintiff gave a shout out to himself for working on the fun day and being seated in isolation, the Principal came to Plaintiff's classroom and said that Plaintiff was low-level and the principal himself was way above and beyond that level. Thereafter, the Principal removed Plaintiff from SDL global, which was a global e-mail system to keep all staff informed about the school and students' suspensions. It was only Plaintiff who was kept in the dark, and not allowed to have access to the information other staff had access to.

48- Upon information and belief, a student was coached, helped, and provided support by Ms. Findley and AP Williams to disobey, curse, and attack Plaintiff on the basis of race, religion, and national origin. Plaintiff escaped the attack. The Principal, instead of providing a safe work environment, told Plaintiff to hide and sneak out of the building. Plaintiff brought the incident to the UFT's attention and requested to share this information with the superintendent. No action was or has been taken against the student, Ms. Findley, or AP Williams.

10

49- In Plaintiff's professional judgment, AP Williams lacked knowledge of Biological Science. However, to put Plaintiff down in students' eyes during period 4 on March 23, 2016, Ms. Williams told Plaintiff's students that their answer was wrong, implying that Plaintiff's teaching was wrong, when, in fact, Ms. Williams was wrong and lacked knowledge in her own specialty. After exposing her lack of knowledge during period 4 on March 23, 2016, Ms. Williams conspired with Ms. Julia Findley and students of period 5. Thereafter, on the same day, in period 5 on March 23, 2016, a student with the support of Ms. Findley cursed at Plaintiff and threw chemicals at Plaintiff. Julia Findley did not say anything to the student. She smirked, instead of co-teaching, left the classroom with two other students, wrote a statement against Plaintiff, and helped the students to write statements against Plaintiff based on Plaintiff's race, religion, and national origin.

50- Upon information and belief, whatever happened in period 5 was preplanned by Ms. Findley and AP Williams, working together. AP Williams was not knowledgeable about Biological Science, and such lack of knowledge had been exposed earlier that same day, during period 4.

51- The principal's restorative justice people required Plaintiff to sit in their office for a meeting during his prep period (Plaintiff's contractual right to have a duty-free prep period was violated.), but they did not show up for the meeting. However, two days later, the so-called restorative justice person removed Plaintiff and a student from the ongoing instructional class to have a meeting in the hallway. No adult supervised the students during that meeting. It was a waste of students' learning time and an insult to Plaintiff.

The person from the restorative justice was of the same race as of the principal and the Principal took no action against that person because of her race as of the Principal's.

52- When students disrespected a teacher from the Principal's race, then students were required to apologize but, on the other hand, students were coached and brought to curse at the Plaintiff who is Asian Muslim.

53- The January 14, 15, 19 and 20, 2016, lists of suspensions, published with students' names, infractions and their suspension details, and circulated to all SDL staff through SDL global, state, in the way of example, "K and C will both meet with Finnegan to apologize and discuss incident." Ms. Finnigan was from the Principal's race. On the other hand, the Principal took no action against anyone when AP Williams, AP Mittiga, teacher Julia Findley, and teacher Kelly Houston coached students to curse at Plaintiff, harass him, make him fear for his life, run away, and hide in the teachers' lounge.

54- Julia Findley and AP Williams (scheduled to be Plaintiff's team-teachers) did not agree to co-teach according to any of the six Models of Team Teaching posted on the UFT's website. However, the principal showed favoritism and inequitably forced Plaintiff to do all of the work (most of the time throughout the school year), and never required Julia Findley and AP Williams to do their fair share in team teaching. On numerous occasions, Julia Findlay and AP Williams were present in the school building, but did not bother to come to the classroom to do the team teaching they were scheduled for.

55- A student misbehaved, took a copy of the test, went to Kelly Houston, and got help from her to complete the test, Plaintiff marked the student absent because she remained absent throughout the period. At the end of the period, the student returned and took the

12

attendance sheet with her. The student was written up, but, again, no action was taken by the administration even when a student robbed DOE property.

56- Two students were given a key to enter Plaintiff's classroom and take away or remove resources from Plaintiff's classroom.

57- Plaintiff resigned under protest due to a hostile and unsafe work environment, but a month later, rescinded and retracted the resignation for the better future of our children and the better future of America.

58- During the 2015-2016 school year, Plaintiff was targeted, harassed, and discriminated against on the basis of his race, color, national origin, religion, and age. Plaintiff was also retaliated against because of his complaints of discrimination filed with the school administration and DOE's Office of Equal Opportunity (OEO).

59- Upon information and belief, there occurred conspiracy and collusion in retaliation for Plaintiff's complaints of discrimination filed with the school administration and OEO. As a result, Principal Olearchik gave Plaintiff a yearly rating of Developing ("D") instead of Effective ("E") and clearly violated Education Law § 3012-d(5)(b)(10).

60- Upon information and belief, as a further result of such conspiracy and collusion, Brooklyn High School Superintendent Michael Prayor, who was informed by the UFT District Representative about the unjust treatment of Plaintiff by the SDL administrators, instead of addressing the matters brought to his attention, denied Plaintiff completion of probation, terminated Plaintiff's NYC teaching license, and caused Plaintiff to be "flagged" or "problem coded" in one or more DOE databases.

61- Per the superintendent's letter dated 7/8/16, Plaintiff's termination became effective sixty days from the date of the letter; (probably on 9/6/16). Furthermore, recommendations for

the termination of Plaintiff's teaching license(s) were made and Plaintiff's page in DOE's Employee Information System (EIS) was "flagged" or "problem coded."

62- Plaintiff filed an appeal from Superintendent Prayor's decision to deny his completion of probation. The appeal hearing is known as a C-31 hearing and is held at DOE's Office of Appeals and Reviews.

63- On June 19, 2017, Plaintiff appeared for the hearing.

64- At the hearing, the hearing officer (known as the Chancellor's Committee Chairman), told Plaintiff that a person, and "only that person" who was not an employee of the DOE but hired or contracted by DOE from outside, would be doing the audio recording of the proceedings of Plaintiff's hearing.

65- The Defendants planned and arranged for the recording of the hearing without notifying Plaintiff, and without getting his consent.

66- In response to Plaintiff's inquiry, the Chancellor's Committee Chairman responded to the effect that at the end of the hearing, the Plaintiff would be given a form to fill out and to mail it with a $45 fee to the company hired by the Defendants to record the hearing. Said company would mail a CD to the Plaintiff at its own convenience.

67- At the hearing, Plaintiff attempted to audio record it on Plaintiff's own recording device just to have a duplicate of the recording of the hearing, the recording Defendants had arranged for, and planned on doing it without notifying the Plaintiff and without getting Plaintiff's consent.

68- The Chancellor's Committee Chairman refused to proceed with the hearing if Plaintiff recorded it on Plaintiff's recording device.

14

69- The Chancellor's Committee Chairman canceled the hearing because Plaintiff would not stop making his own recording of it.

70- To date, the hearing has not been rescheduled.

71- DOE's actions, through the Chairman, in refusing to permit Plaintiff to record the hearing on Plaintiff's own recording device was arbitrary, capricious, irrational, and has no basis in law.

72- UFT and NYSUT filed a Public Employment Relations Board (PERB) Improper Practice Charge (IPC), used Plaintiff's name at least four times in the PERB IPC without Plaintiff's consent, and denied Plaintiff's requests for a copy of the PERB IPC.

73- Plaintiff filed an EEOC charge # 520-2017-02916 on June 28, 2017, and received a Notice of Right to Sue on March 14, 2018.

74- In 2017, Plaintiff reapplied for a teaching position through DOE's online system.

75- After the review conducted by DOE's Office of Teacher Recruitment and Quality, Plaintiff's application made its way to the "New Teacher Finder" and Plaintiff started to receive invitations to interviews and DOE's job fairs.

76- Assistant Principal Carmel Macklin of DOE's Eagle Academy for Young Men III (29Q327) interviewed and offered Plaintiff a chemistry teacher position on September 1, 2017.

77- 29Q327 school administration properly submitted Plaintiff's nomination, and Plaintiff was hired through a proper procedure.

78- From September 1, 2017, through September 11, 2017, every school day, Plaintiff went to 29Q327, performed his professional duties, and/or taught five classes assigned to him.

79- On September 12, 2017, Katherine G. Rodi, Esq., "Director of the Office of Employee Relations" (according to DOE Outlook), instead of contacting Plaintiff and scheduling an interview for Office of Personnel Investigations (OPI) clearance, contacted the 29Q327 school administration directing them to **NOT** let Plaintiff enter the building because he had been "flagged" and did not have OPI clearance.

80- Ms. Rodi never mentioned in her emails to Plaintiff that he was "flagged," but, instead, specifically denied it.

81- Ms. Rodi put Plaintiff out of work in retaliation for Plaintiff's complaints of discrimination filed with the school administration, OEO, and EEOC charge # 520-2017-02916 filed on June 28, 2017.

82- At the request of Mr. Seth Tinkle, one of the OPI investigators, Plaintiff submitted various requested documents to him via email and in person on September 18, 2017.

83- However, Mr. Cedric Hall, the 29Q327 principal, rescinded Plaintiff's nomination for a chemistry teacher position effective September 19, 2017.

84- OPI then closed the investigation without any determination, and without just cause, because of the withdrawal of Mr. Hall's nomination of Plaintiff on September 19, 2017.

85- The next day, on September 20, 2017, 29Q327 posted a science teacher vacancy online in DOE's system.

| 6251 | QU04 | 77 | Queens | Q327 - Eagle Academy for | Secondary School | Teacher | SCIENCE - GENERAL SCIENCE |
|------|------|-----|--------|--------------------------|------------------|---------|---------------------------|

86- Such vacancy remained open at least up to October 16, 2017, which leads to the reasonable conclusion that 29Q327 needed a certified chemistry and or general science teacher, just as some other DOE high schools still do.

16

87- Plaintiff sent numerous emails to Mr. Hall and others, requesting them to provide the rational, factual basis or reasonable justification for withdrawing the nomination, but as of April 5, 2018, there had been no response.

88- Rescinding the nomination of Plaintiff, after requiring him to do his professional duties and teach five classes up to September 11, 2017, without providing the rational, factual basis or reasonable justification for such action is unjust, unfair, irrational, arbitrary, and capricious. This leads to the reasonable conclusion that it was done in retaliation for Plaintiff's EEOC charge # 520-2017-02916 (filed on June 28, 2017) and his discrimination complaints filed with OEO (in 2016).

89- DOE has not paid Plaintiff his earned salary according to the CBA for the total number of days he worked at DOE's Eagle Academy for Young Men III (29Q327) in September 2017. However, DOE has attempted to pay Plaintiff at a Per Diem rate, but not his prorated salary as a regular teacher, for less number of days than the actual days Plaintiff worked. Plaintiff returned the incorrect check to DOE. It leads to the reasonable conclusion that harm is being done to Plaintiff in retaliation for his EEOC charge # 520-2017-02916 (filed against DOE on June 28, 2017) and his discrimination complaints filed with OEO (in 2016).

90- On October 13, 2017, Mr. Benjamin Grossman, Principal of Bronx Academy for Software Engineering (BASE), one of the DOE schools, interviewed Plaintiff over the phone and then in person on October 17, 2017.

91- On October 26, 2017, Plaintiff's nomination made by Principal Grossman for a leave replacement substitute teacher at BASE was processed by DOE's Division of Human Resources (DHR).

92- On November 10, 2017, Ms. Katelin Emmons, an OPI investigator, contacted Plaintiff via email to schedule an interview for a background investigation.

93- Plaintiff's interview with Ms. Emmons was scheduled for November 16, 2017, and then postponed until November 30, 2017. However, someone from DHR, without writing or disclosing his/her name or job title, sent an email to Plaintiff, provided "Ref. Number: GX2933217 N229 Withdrawal of Nomination" and informed him that (once again) his nomination for employment with DOE was withdrawn and closed effective immediately.

94- On November 29, 2017, Ms. Emmons sent an email to Plaintiff, canceled the November 30, 2017 scheduled interview of Plaintiff, and closed the investigation without any determination, and without just cause, because of the withdrawal of Mr. Grossman's nomination of Plaintiff on November 17, 2017.

95- Once again, the rescission of Plaintiff's nomination by BASE principal Mr. Grossman, just as the rescission of Plaintiff's nomination by 29Q327 principal Mr. Hall, without providing the rational, factual basis or reasonable justification for such action is unjust, unfair, irrational, arbitrary, and capricious. It leads to the reasonable conclusion that it was done in retaliation for Plaintiff's EEOC charge # 520-2017-02916 (filed on June 28, 2017) and his discrimination complaints filed with OEO (in 2016).

96- About early January 2018, Plaintiff, once again, applied online for a teaching position using DOE's online portal. DOE kept Plaintiff's application "UNDER REVIEW" for a few months.

97- DOE's actions of keeping Plaintiff's job application under review for such a long period of time and not letting his job application move to the "New Teacher Finder," without providing the rational, factual basis or reasonable justification for such action was unjust,

unfair, irrational, arbitrary, and capricious. It leads to the reasonable conclusion that harm was being done to Plaintiff in retaliation for his EEOC charge # 520-2017-02916 (filed against DOE on June 28, 2017) and his discrimination complaints filed with OEO (in 2016).

98- DOE at its https: nyc.teacherssupportnetwork.com candidate Home.do webpage, has posted numerous items of false and stigmatizing information, such as the item # "6 State Certification" showing in red "Not Certified" on "12/24/2017" to prevent and bar Plaintiff from getting employment with any DOE school.

99- DOE's action of posting online utterly false and stigmatizing information about Plaintiff to prevent, bar, and block him from getting employment with any DOE school is also unjust, unfair, irrational, arbitrary, and capricious. It leads to the reasonable conclusion that harm is being done to Plaintiff in retaliation for his EEOC charge # 520-2017-02916 (filed against DOE on June 28, 2017) and his discrimination complaints filed with OEO (in 2016). Consequently, DOE's discrimination against a protected class (Plaintiff) is continuing.

100-     Plaintiff filed a second EEOC charge # 520-2018-03107 on April 6, 2018, against DOE and received a Notice of Right to Sue on or around May 23, 2018.

101-     After the filing of Plaintiff's second EEOC charge against DOE, the DOE moved Plaintiff's job application to the "New Teacher Finder".

102-     Plaintiff alleges that the UFT failed to fulfill its obligation of duty of fair representation and tried to push Plaintiff to sign stipulations for the benefit of the employer (DOE) and its administrators. Plaintiff further alleges that UFT and NYSUT

failed in providing proper representation and processing grievances due to prejudice, hostility, collusion and conspiracy.

103-      The actions set forth were undertaken by DOE and its employees or servants without just cause and on the basis of Plaintiff's race, religion, and national origin, in violation of Title VII of the Civil Rights Act of 1964: 42 U.S.C.§§2000e to 2000e-17, *et seq.* ("Title VII"), 42 U.S.C. §§ 1981, 1983 and 1985, the Age Discrimination in Employment Act of 1967: 29 U.S.C.§§ 621 to 634, *et seq.* (ADEA), §§ 102 and 103 of the Civil Rights Act of 1991,New York State Executive Law §§ 290 to 297 – Human Rights Law – Unlawful discriminatory practices, § 291-Equality of Opportunity-a Civil Right, New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, Teachers Collective Bargaining Agreement, Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and anti-defamation laws.

## FIRST CLAIM FOR RELIEF
### (Claim Under 42 U.S.C. §1981 Against NYC DOE et. al)

104-    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

105-    Defendant discriminated and retaliated against Plaintiff in the terms, conditions and privileges of employment on account of his race and national origin and his opposition to race and national origin discrimination in violation of 42 U.S.C. §1981.

## SECOND CLAIM FOR RELIEF
### (Claim under Title VII, 42 U.S.C. 2000e Against NYC DOE et. al)

106-    Plaintiff repeats and realleges the allegations contained in the preceding

paragraphs as if fully set forth herein.

107- On March 14, 2018 and May 23, 2018 plaintiff received "Notice of Right to Sue" and a dismissal of his charges of discrimination against the NYC DOE et. al from the Equal Employment Opportunity Commission.

108- Plaintiff filed the original complaints in this case on June 28, 2017 and April 06, 2018 and attached a copy of both the "Notice of Right to Sue" thereto.

109- Defendant NYC DOE et. al discriminated and retaliated against plaintiff in the terms, conditions and privileges of employment on account of his religion, race and national origin and his opposition to race, national origin and religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

## THIRD CLAIM FOR RELIEF
### (Claim Under 42 U.S.C. §1985 Against NYC DOE et. al)

110- Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

111- Defendant NYC DOE et. al intentionally conspired and colluded against Plaintiff and created hostile work environment in the terms, conditions and privileges of employment in violation of 42 U.S.C. §1985.

## FOURTH CLAIM FOR RELIEF
### (Claim under 42 U.S.C. §1983 Against NYC DOE et. al)

112- Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

113- Defendant NYC DOE et. al, in violation of 42 U.S.C. §1983 discriminated against and retaliated against plaintiff in the terms, conditions and privileges of employment on account

of his religion, race and national origin and his opposition to race, national origin and religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

## FIFTH CLAIM FOR RELIEF
### (Claim 29 U.S.C.§§ 621 to 634, *et seq.* (ADEA) Against NYC DOE et. al)

114-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

115-   Defendant NYC DOE et. al, discriminated against and retaliated against plaintiff on account of his age in violation of the Age Discrimination in Employment Act of 1967: 29 U.S.C.§§ 621 to 634, *et seq.* (ADEA).

## SIXTHTH CLAIM FOR RELIEF
### (Claim under §§ 102 and 103 of the Civil Rights Act of 1991 against NYC DOE et. al)

116-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

117-   Defendant NYC DOE et. al, intentionally discriminated against and retaliated against plaintiff and intentionally caused harm to him in violation of §§ 102 and 103 of the Civil Rights Act of 1991.

## SEVENTH CLAIM FOR RELIEF
### (Claim under New York State Executive Law §§ 290 to 297 – Human Rights Law against NYC DOE et. al)

118-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

119-   Defendant NYC DOE et. al, discriminated against and retaliated against plaintiff in the terms, conditions and privileges of employment on account of his religion, race, national origin and age and his opposition to race, national origin and religious discrimination in violation

22

of New York State Executive Law §§ 290 to 297 – Human Rights Law.

## EIGHTH CLAIM FOR RELIEF
### (Claim under New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 Against NYC DOE et. al)

120-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

121-   Defendant NYC DOE et. discriminated against and retaliated against plaintiff in the terms, conditions and privileges of employment on account of his religion, race, national origin and age and his opposition to race, national origin and religious discrimination in violation of New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131.

## NINTH CLAIM FOR RELIEF
### (Claim under Due Process Clause of the Fourteenth Amendment to the U.S. Constitution Against NYC DOE et. al)

122-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

123-   Defendant NYC DOE et. al, terminated Plaintiff's teaching licenses without a hearing in violation of Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

## TENTH CLAIM FOR RELIEF
### (Claim under Teachers Collective Bargaining Agreement (CBA) Against NYC DOE et. al)

124-   Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

125-   Defendant NYC DOE et. al, intentionally violated Collective Bargaining Agreement (CBA) numerous times.

## ELEVENTH CLAIM FOR RELIEF
### (Claim under anti-defamation laws. Against NYC DOE et. al)

126- Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

127- Defendant NYC DOE et. al, posted false information and statements about and against Plaintiff on its webpage in violation of anti-defamation laws.

## TWELVTH CLAIM FOR RELIEF
### (Claim under Duty of Fair Representation Against UFT and NYSUT)

128- Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

129- Defendant UFT failed to fulfill its obligation of duty of fair representation and tried to push Plaintiff to sign stipulations for the benefit of the employer (DOE) and its administrators. Plaintiff further alleges that UFT and NYSUT failed in providing proper representation and processing grievances due to prejudice, hostility, collusion and conspiracy.

**WHEREFORE**, Plaintiff demands judgment:

(a) declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964: 42 U.S.C.§§2000e to 2000e-17, *et seq.* ("Title VII"), 42 U.S.C. §§ 1981, 1983 and 1985, the Age Discrimination in Employment Act of 1967: 29 U.S.C.§§ 621 to 634, *et seq.* (ADEA), §§ 102 and 103 of the Civil Rights Act of 1991,New York State Executive Law §§ 290 to 297 – Human Rights Law – Unlawful discriminatory practices, § 291-Equality of Opportunity-a Civil Right, New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, Teachers Collective Bargaining Agreement, Due Process Clause of the Fourteenth Amendment

24

of the U.S. Constitution and anti-defamation laws.

(b)    enjoining and permanently restraining these violations of violation of Title VII of the Civil Rights Act of 1964: 42 U.S.C.§§2000e to 2000e-17, *et seq.* ("Title VII"), 42 U.S.C. §§ 1981, 1983 and 1985, the Age Discrimination in Employment Act of 1967: 29 U.S.C.§§ 621 to 634, *et seq.* **(ADEA)**, §§ 102 and 103 of the Civil Rights Act of 1991,New York State Executive Law §§ 290 to 297 – Human Rights Law – Unlawful discriminatory practices, § 291-Equality of Opportunity-a Civil Right, New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131, Teachers Collective Bargaining Agreement, Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and anti-defamation laws.

(c)    Requiring defendant NYC DOE to reinstate plaintiff to the position he held prior to discharge, with all employee benefits incidental thereto; or in the alternative to award front pay;

(d)    Enjoining defendant NYC DOE, upon plaintiff's reinstatement, from discriminating against Plaintiff on the basis of race, national origin and religion, in the terms and conditions of his employment;

(e)    Awarding back pay from NYC DOE to the date of plaintiff's termination;

(f)    Awarding plaintiff compensatory damages from both defendants including but not limited to damages for emotional distress;

(g)    Awarding plaintiff punitive damages from defendants; NYC DOE et al.

(h)    Awarding reasonable fees, costs and expenses;

(i)    Ordering UFT and NYSUT to process plaintiff's grievances and actively pursue them.

(j)    Ordering UFT and NYSUT to cease and desist from using its members' name without

25

their consent or permission in any PERB charge.

(k)    Awarding plaintiff punitive damages from defendants UFT and NYSUT for using Plaintiff's name, without his consent or permission, at least 4 times in a PERB charge and causing to prolong the hearing of his OAR hearing.

(l)    Granting such other legal and equitable relief as the Court may deem just and equitable.

Respectfully submitted,

Dated: New City, NY
       June 11, 2018

Mushtaq Ahmad (Plaintiff)
10 Parliament Drive
New City, NY 10956
Phone: (845)708-5837
Email: nymushtaq@gmail.com

26

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Mushtaq Ahmad**
**10 Parliment Drive**
**New City, NY 10956**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2017-02916** | **Roxanne Zygmund,**<br>**Investigator** | **(212) 336-3764** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*Kevin J. Berry (RB)*

**Kevin J. Berry,**
**District Director**

MAR 09 2018

*(Date Mailed)*

Enclosures(s)

cc: **Robin Singer, Esq.**
**Associate Counsel - Office of Legal Services**
**NEW YORK CITY DEPARTMENT OF EDUCATION**
**52 Chambers Street, Room 308**
**New York, NY 10007**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Mushtaq Ahmad**<br>**10 Parliament Drive**<br>**New City, NY 10956** | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2018-03107** | **Debra L. Richards,**<br>**Investigator** | **(212) 336-3768** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Kevin J. Berry*

5/18/18

**Kevin J. Berry,**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc: **Robin Singer**
**Associate Counsel**
**NEW YORK CITY DEPARTMENT OF EDUCATION**
**Office Of Legal Services**
**52 Chambers Street, Room 308**
**New York, NY 10007**