

No. 17542

# The University of the State of New York
## The State Education Department
### Before the Commissioner

Appeal of MUSHTAQ AHMAD, from action of the Chancellor of the New York City Department of Education, the Panel for Educational Policy, Michael Prayor as Superintendent, James Olearchik as Principal, Emilie Mittiga as Assistant Principal, Catrina Williams as Assistant Principal, Katherine G. Rodi as Director[1] of the Office of Employee Relations, Seth Tinkle as Investigator of the Office of Employee Relations, Cedric Hall as Principal, and Carmel Macklin as Assistant Principal regarding a personnel action.

Zachary W. Carter, Esq., Corporation Counsel, attorney for respondent, Alana R. Mildner, Esq., of counsel

Petitioner appeals from action of the Chancellor of the New York City Department of Education[2] ("Chancellor"), the Panel for Educational Policy, Superintendent Michael Prayor ("respondent Prayor"), Principal James Olearchik ("respondent Olearchik"), Assistant Principal Emilie Mittiga ("respondent Mittiga"), Assistant Principal Catrina Williams ("respondent Williams"), Executive Director of the New York City Department of Education's (DOE's) Office of Employee Relations ("OER") Katherine G. Rodi ("respondent Rodi"), OER Investigator Seth Tinkle ("respondent Tinkle"), Principal Cedric Hall ("respondent Hall"), and Assistant Principal Carmel Macklin ("respondent Macklin") (collectively, "respondents") regarding his employment with DOE.  The appeal must be dismissed.

---

[1] The record reflects that respondent Rodi's title is Executive Director.
[2] At the time of the events underlying this appeal, the Chancellor was Carmen Fariña.  The current Chancellor is Richard A. Carranza.

According to the record, petitioner is an untenured[3] teacher who was employed by DOE from 1999-2003 as a substitute teacher, in the 2003-2004 school year as a probationary high school teacher, and during the 2015-2016 school year as a probationary high school teacher.

Pursuant to Education Law §2573(1)(a) and DOE policy, petitioner was required to complete a two-year probationary period when he resumed his employment with DOE beginning in the 2015-2016 school year.

In April 2016, DOE investigated an allegation that petitioner had failed to provide a safe classroom environment in his chemistry class.

In a letter dated May 13, 2016, respondent Williams indicated that, after investigation and an interview with petitioner, petitioner "fail[ed] to provide a safe and orderly environment for students." This letter indicated that petitioner could be subject to further disciplinary action, including "discontinuance" of his probationary period. Petitioner signed the letter to indicate that he had received it; however, petitioner also indicated that he thought the determination was "biased" and that respondent Williams had discriminated against him based upon his "race, religion, and national origin."

In a letter to respondent Prayor dated June 8, 2016, respondent Olearchik indicated that, for several reasons outlined in the letter, he was denying "continuance" of petitioner's probation.

In a letter dated July 3, 2016,[4] respondent Prayor indicated to petitioner that, pursuant to Education Law §2573[1], he was denying petitioner's "Certification of

---

[3] The parties dispute whether petitioner was ever tenured by respondent. Petitioner claims that he received tenure in 2004 and submits a "Certificate of Completion of probation" issued by the Chancellor on September 1, 2004. Such certificate states that when accompanied by a Certificate of Validation of License, it constitutes a Certificate of Permanent Appointment. This suggests that petitioner was granted tenure, though petitioner has not submitted a Certificate of Validation of License in this appeal and respondents assert that petitioner "never received tenure from DOE." Regardless, petitioner alleges that, after receiving tenure, he resigned from his position with DOE, which would have the effect of terminating any tenure rights he held (see Appeal of Kwasnik, 52 Ed Dept Rep, Decision No. 16,419). Therefore, there is no evidence in this record that petitioner was tenured at any time relevant to this appeal.

[4] The letter indicates that it was sent on July 3, 2017, which appears to have been a typographical error.

2

Completion of Probation" with DOE. The letter further indicated that petitioner's service under the probationary appointment would end at the close of business 60 days from the date of the letter or at the end of petitioner's probation completion date, whichever was sooner.[5] Petitioner appealed this denial to respondent's Office of Appeals and Reviews on July 5, 2016. According to the record, this appeal remains pending.

In August 2017, petitioner contacted respondent Rodi to indicate his interest in securing employment with respondent. Petitioner further requested that respondent remove "an unwarranted, false, retaliatory and discriminatory hold/flag on my file/record maintained by NYCDOE to prevent me from getting rehired ...."

In an email dated August 8, 2017, respondent Rodi told petitioner that there was "no hold or flag on [his] file that prevent[ed] a principal from nominating [him] for a position ...." However, respondent Rodi cautioned petitioner that the absence of a hold or flag did not mean that he had clearance for employment, and that if he "receive[d] a valid job offer from a DOE school," he would be required to undergo "a background review for security clearance."

On September 1, 2017, petitioner interviewed with respondent Macklin for a position as a high school chemistry teacher at a DOE high school, Eagle Academy for Young Men III of Southeast Queens ("Eagle Academy"). Thereafter, respondent Hall nominated petitioner for this position.

In an email from DOE's Division of Human Resources to petitioner dated September 6, 2017, DOE indicated that petitioner had been nominated for a teaching position at Eagle Academy but that it was "contingent upon the results of pre-employment screening including fingerprinting and a background investigation ...." This email notwithstanding, according to the record, petitioner went to Eagle Academy for several days and worked as a teacher.

In an email dated September 12, 2017, respondent Rodi informed respondent Hall that petitioner did not have security clearance and, thus, could not work at Eagle

---

[5] Petitioner's probation completion date was identified as September 1, 2017.

3

Academy until he had obtained such clearance.

On or about September 14, 2017, DOE's Division of Human Resources determined that petitioner was ineligible to teach high school chemistry because, pursuant to Chancellor's Regulation C-205, he had previously been "terminated ... in the same license and level."

On September 19, 2017, DOE's Division of Human Resources wrote to petitioner to inform him that his nomination to teach at Eagle Academy had been withdrawn. Also on September 19, 2017, respondent Tinkle informed petitioner that the employment background investigation would be closed because his nomination to teach at Eagle Academy had been closed. This appeal ensued.

Petitioner alleges that respondents engaged in wrongful conduct during the 2015-2016 and 2017-2018 school years. With respect to the 2015-2016 school year, petitioner asserts that respondents violated a collective bargaining agreement "[n]umerous times throughout the 2015-2016 school year." Petitioner additionally contends that respondent Williams made discriminatory comments about petitioner's religion. Petitioner claims that, as a result of respondents' unfounded allegations against him during the 2015-2016 school year, his file was "flagged," which prevented him from being hired at Eagle Academy. With respect to the 2017-2018 school year, petitioner contends that respondents unreasonably rescinded his nomination to teach at Eagle Academy. Petitioner argues that he is qualified to teach at Eagle Academy and that "[t]he rescinding of petitioner's nomination appeared to be the result of conspiracy and collusion in retaliation" for charges which petitioner filed with the Equal Employment Opportunity Commission ("EEOC") and DOE's Office of Equal Opportunity.

For relief, petitioner seeks an order "reinstat[ing]" him to his position at Eagle Academy "or at any other ... high school" in respondents' district; backpay and "all fringe benefits"; an order requiring the Chancellor or the Panel for Educational Policy to "refrain from retaliating against [p]etitioner and to provide a safe work environment" and orders directing the Chancellor to issue memoranda to all staff regarding the nature and form by which they should respond to public inquiries.

Respondents deny petitioner's claims and argue that the bulk of petitioner's claims are untimely. Respondents

4

also argue that respondents Prayor, Olearchik, Mittiga, Williams, and Rodi should be "dismissed" because petitioner does not allege that they committed any wrongful acts within the 30-day time limitation. Respondents further contend that petitioner has failed to meet his burden of proving that he was the victim of discrimination or retaliation. With specific respect to petitioner's request for reinstatement, respondents argue that petitioner was not employed during the 2017-2018 school year and, thus, cannot be reinstated to this position. Finally, respondents contend that petitioner has not joined the individual who was hired for the position for which he was nominated, and that this requires dismissal of the petition.

First, I must address a procedural issue. Petitioner submitted a reply in this matter containing new allegations and exhibits. The purpose of a reply is to respond to new material or affirmative defenses set forth in an answer (8 NYCRR §§275.3 and 275.14). A reply is not meant to buttress allegations in the petition or to belatedly add assertions that should have been in the petition (Appeal of Nappi, 57 Ed Dept Rep, Decision No. 17,300; Appeal of Caswell, 48 id. 472, Decision No. 15,920; Appeal of Hinson, 48 id. 437, Decision No. 15,908). Therefore, while I have reviewed the reply, I have not considered those portions containing new allegations or exhibits that are not responsive to new material or affirmative defenses set forth in the answer.

Turning to the merits, the majority of petitioner's claims must be dismissed as untimely. Petitioner served the instant petition on October 17, 2017. Many of petitioner's allegations occurred over a year prior to this date. Petitioner has not set forth good cause in the petition for the delay; petitioner merely asserts that the appeal is timely because respondents "rescinded ... [p]etitioner's nomination as a chemistry/science teacher" on "September 19, 2017" (see 8 NYCRR §275.16). In his reply, petitioner admits that claims occurring "prior to September 17, 2017 are outside of the statute of limitations and [that he] may not challenge those actions through this appeal ...." Petitioner explains that he included the earlier allegations because they "influenced the [respondents'] current actions." Therefore, the appeal must be dismissed as untimely with respect to each of the alleged acts which occurred more than 30 days prior to commencement of the instant appeal. This includes petitioner's claim concerning his alleged wrongful

5

termination, as the record reflects that petitioner had actual notice of the facts giving rise to his claim on September 13, 2017. Specifically, on September 12, 2017, respondent Rodi emailed respondent Hall to inform him that petitioner did not have security clearance and, thus, could not teach at Eagle Academy. Petitioner emailed the executive director on the following day, September 13, 2017, indicating that the executive director "contacted [Eagle Mill] ... requiring them to NOT let me enter the building ... You have put me out of work ...." Thus, this claim, as with many others, must be dismissed as untimely.

The only claim within the 30-day time limitation is petitioner's claim that respondents improperly withdrew his nomination for a teaching position at Eagle Academy on or about September 18, 2017. In an appeal to the Commissioner, a petitioner has the burden of demonstrating a clear legal right to the relief requested and the burden of establishing the facts upon which petitioner seeks relief (8 NYCRR §275.10; Appeal of P.C. and K.C., 57 Ed Dept Rep, Decision No. 17,337; Appeal of Aversa, 48 id. 523, Decision No. 15,936; Appeal of Hansen, 48 id. 354, Decision No. 15,884).

Petitioner's sole argument with respect to this claim is that respondent Hall's rescission of petitioner's nomination "appeared to be the result of conspiracy and collusion in retaliation" for complaints filed by petitioner with the EEOC and DOE's Office of Equal Opportunity. Petitioner, however, has failed to meet his burden of proving these allegations. Petitioner has not submitted copies of the complaints which he allegedly filed with the EEOC and DOE's Office of Equal Opportunity. Thus, petitioner has not established that he filed such claims let alone that he was retaliated against for filing them, nor has he submitted any proof that the withdrawal of his nomination to teach at Eagle Academy was the result of discrimination or was otherwise wrongful or improper.

To the contrary, Chancellor's Regulation C-205(25)(c) provides that "schools operated under the jurisdiction of

6

the Chancellor and Central Board comprise one district"[6] and, thus, "persons whose probationary service was discontinued in one school in the City District may not be reappointed under the same license to another school in the City School district." Since the Chancellor has jurisdiction over high schools (see Education Law §2590-h[1]) and petitioner's services as a probationary high school chemistry teacher had previously been discontinued, the effect of Chancellor's Regulation C-205(25)(c) was to render petitioner ineligible for appointment as a licensed chemistry teacher at Eagle Academy or any other high school in respondents' district. It is clear from the record that, in September 2017, petitioner was nominated to serve as a chemistry teacher at Eagle Academy in error.[7] The nomination not only violated Chancellor's Regulation C-205(25)(c), it also violated respondent's requirements relating to the issuance of security clearance prior to appointment. Consequently, there is no basis in the record to order "reinstatement" of petitioner as a chemistry teacher at Eagle Academy or award him backpay and "fringe benefits."

The remaining relief sought by petitioner is outside of my jurisdiction. Petitioner requests that I order respondent Chancellor to issue memoranda to "all staff" informing them, first, "that emails and letters of a business nature must ... be responded to promptly, accurately, professionally, and courteously ..." and, second, that such letters "must, in the signature line, bear the name and job title of a specific sender ...." Issues such as the format and content of correspondence issued by district employees are within respondents' exclusive jurisdiction, and I decline to issue any opinion thereon. I note, however, that there is no evidence in the record that respondents, or any DOE employee, failed to issue appropriate written responses to petitioner's concerns.

---

[6] Education Law §2590-h(1) confers upon the Chancellor the authority to control and operate, among other things, "academic and vocational senior high schools until such time as the same may be transferred to the jurisdiction of appropriate community district education councils pursuant to this article." Education Law §2590-e gives community district education councils the authority to establish educational policies and objectives with respect to "all pre-kindergarten, nursery, elementary, intermediate and junior high schools and programs," but not high schools.
[7] In their verified answer, respondents assert that "at no time during the 2017-2018 school year was petitioner a DOE employee."

Finally, petitioner's request that I order respondents and their administrators to refrain from retaliating against petitioner in the future and provide a safe work environment is premature and inherently speculative (see Appeal of Cea, 58 Ed Dept Rep, Decision No. 17,482; Appeal of D.C., 57 id., Decision No. 17,245). The Commissioner will not render an advisory opinion on an issue before it becomes justiciable (Appeal of Healey and Lindberg, 57 Ed Dept Rep, Decision No. 17,194; Appeal of B.R. and M.R., 48 id. 291, Decision No. 15,861; Appeal of Lachler, 47 id. 455, Decision No. 15,752).

In light of this determination, it is unnecessary to address respondents' remaining defenses and arguments relating thereto.

THE APPEAL IS DISMISSED.



IN WITNESS WHEREOF, I, MaryEllen Elia, Commissioner of Education of the State of New York, for and on behalf of the State Education Department, do hereunto set my hand and affix the seal of the State Education Department, at the City of Albany, this 3rd day of December 2018.

Commissioner of Education