UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MUSHTAQ AHMAD,

              Plaintiff,

   - against -

NEW YORK CITY DEPARTMENT OF EDUCATION (DOE); UNITED FEDERATION OF TEACHERS (UFT); NEW YORK STATE UNITED TEACHERS (NYSUT); CARMEN FARIÑA, the Chancellor of the NYCDOE, in her official capacity; MICHAEL PRAYOR, Superintendent of the Brooklyn Schools in District 73, in his individual and official capacity; JAMES OLEARCHIK, the Principal of the School of Democracy and Leadership (SDL), in his individual and official capacity; CATRINA WILLIAMS, Assistant Principal of SDL, in her individual and official capacity; CEDRIC HALL, the Principal of the Eagle Academy for Young Men III (29Q327) Queens, in his official capacity; BENJAMIN GROSSMAN, the Principal of Bronx Academy for Software Engineering (BASE) Bronx, in his official capacity; KATHERINE G. RODI, Director of DOE's Office of Employee Relations, in her official and individual capacity; KELLY HOUSTON, Science Chairperson/Teacher of SDL, in her official and individual capacity; JULIA FINDLEY, Teacher and a Delegate to UFT or NYSUT Delegate Assembly, in her individual and official capacity; JOHN DOES 1-3; and JANE DOES 1-3,

              Defendants.
-------------------------------------------------------------------X

1:18-cv-03494 (WFK)(LB)

**MEMORANDUM OF LAW IN SUPPORT OF UNION DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

ROBERT T. REILLY
52 Broadway, 9th Floor
New York, New York 10004-1614
(212) 228-3382

*Attorney for Union Defendants*

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF RELEVANT FACTS ........................................................................... 1

    A.    Plaintiff's Employment by NYCDOE ............................................................ 1
    B.    Union Defendants Relationship with NYCDOE and Plaintiff ............................. 4
    C.    Plaintiff's Charges of Discrimination to the United States Equal
         Employment Opportunity Commission ............................................................. 4
    D.    Instant Lawsuit .................................................................................................... 5

ARGUMENT ........................................................................................................................ 6

POINT I ................................................................................................................................ 6

    THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT
    LACKS SUBJECT MATTER JURISDICTION OVER DUTY OF FAIR
    REPRESENTATION CLAIMS BY A PUBLIC EMPLOYEE AGAINST HIS
    UNION ............................................................................................................................ 6

POINT II ............................................................................................................................... 7

    THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF THE
    DUTY OF FAIR REPRESENTATION OR ANY OTHER CLAIM UNDER
    NEW YORK COMMON LAW BECAUSE SUCH CLAIMS ARE TIME-
    BARRED AND LACK SUFFICIENT FACTUAL ALLEGATIONS ................................. 7

POINT III ............................................................................................................................ 10

    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST UNION
    DEFENDANTS UNDER FEDERAL, STATE, OR LOCAL
    DISCRIMINATION LAWS BECAUSE THERE IS NO PLAUSIBLE
    ALLEGATION THAT UNION DEFENDANTS DISCRIMINATED
    AGAINST PLAINTIFF BECAUSE OF HIS MEMBERSHIP IN A
    PROTECTED CLASS .................................................................................................... 10

POINT IV ........................................................................................................................... 13

    UNION DEFENDANTS CANNOT BE LIABLE FOR ALLEGED
    VIOLATIONS OF THE UNITED STATES CONSTITUTION BECAUSE
    THEY ARE NOT STATE ACTORS NOR WERE THEY ACTING UNDER
    THE COLOR OF STATE LAW ................................................................................... 13

CONCLUSION ................................................................................................................... 14

## TABLE OF AUTHORITIES

### Cases

*Agosto v. Correctional Off. Benev. Ass'n*, 107 F.Supp.2d 294 (S.D.N.Y. 2000) ......................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................ 7

*Baumgart v. Stony Brook Children's Serv., P.C.*, 249 Fed. Appx. 851 (2d Cir. 2007) ................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................. 7

*Blum v. Yaretsky*, 457 U.S. 991 (1982) .............................................................................................. 13

*Cherry v. Toussaint*, 50 Fed. Appx. 476 (2d Cir. 2002)(per curiam) ........................................... 13

*Ciambriello v. Cnty. of Nassau*, 292 F.3d 307 (2d Cir. 2002) ...................................................... 13

*Cine SK8, Inc., v. Town of Henrietta*, 507 F.3d 778  (2d Cir. 2007) ........................................... 11

*Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187 (2d Cir. 2009) ................................................... 6

*Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 (2004) ......................................................... 12

*Gear v. Dep't of Educ.*, 472 Fed. Appx. 67 (2d Cir. 2012) .............................................................. 6

*Harris v. Forklift Sys. Inc.*, 510 U.S. 17 (1993) ............................................................................... 12

*Hernandez v. Kaisman*, 103 A.D.3d 106 (1st Dep't 2013) ............................................................ 12

*Kahn v. New York City Dep't of Educ.*, 18 N.Y.3d 457 (2012) ....................................................... 9

*Lee v. ITT Standard*, 268 F.Supp.2d 315 (W.D.N.Y. 2002) ......................................................... 11

*Legnani v. Alitalia Linee Aaree Italiane, S.P.A.*, 274 F.3d 683 (2d Cir. 2001) ............................ 12

*Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015) ........................................................ 11

*Mandell v. Cnty. of Suffolk*, 316 F.3d 368 (2d Cir. 2003) .............................................................. 13

*Martin v. Curran*, 303 N.Y. 276 (1951) ........................................................................................ 9, 10

*Morris v. Local 819, Int'l Broth. of Teamsters*, 954 F.Supp. 573 (E.D.N.Y. 1997) .................... 10

*Morton v. Mulgrew*, 144 A.D.3d 447 (1st Dep't 2016) ................................................................. 10

*Negron v. City of New York*, 2011 WL 4737068 (E.D.N.Y. 2011) (Report and Recommendation)
 ................................................................................................................................................................ 10

*Operaji v. United Fed'n of Teachers*, 418 F.Supp.2d 139 (E.D.N.Y. 2006) ............................... 11

*Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014) ................................................................. 10

*Parker v. Metro. Transp. Auth.*, 97 F.Supp.2d 437 (S.D.N.Y. 2000) ........................................... 11

*Patrowich v. Chem. Bank*, 63 N.Y.2d 541 (1984) ...................................................................... 13

*Patterson v. Cnty. of Oneida*, 375 F.3d 206 (2d Cir. 2004) ......................................................... 13

*Staten v. Patrolmen's Benev. Ass'n of City of New York*, 282 F.Supp.3d 734 (S.D.N.Y. 2017) .... 9

*Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631 (2d Cir. 2016) ...................................................... 10

*U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*,
    941 F.2d 1292 (2d Cir. 1991) ................................................................................................ 13

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015) ................................ 11, 13

*Williams v. New York City Housing Auth.*, 458 F.3d 67 (2d Cir. 2006) ......................................... 8

*Wray v. Edward Blank Associates, Inc.*, 924 F.Supp. 498 (S.D.N.Y. 1996) ............................... 13

**Statutes**

42 U.S.C. § 1981 ........................................................................................................................ 5, 11

42 U.S.C. § 1983 ............................................................................................................................. 5

42 U.S.C. § 1985 ........................................................................................................................ 5, 11

Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ............... 5, 11, 12, 13

Civil Rights Act of 1991 ................................................................................................................. 5

Fed. R. Civ. Pro. Rule 12(b)(1) .................................................................................................. 1, 7

Fed. R. Civ. Pro. Rule 12(b)(6) .............................................................................................. 1, 7, 11

Labor Management Relations Act § 301 ..................................................................................... 11

N. Y. CPLR § 217(2)(a) ................................................................................................................. 7

N. Y. General Associations Law § 13 ............................................................................................ 9

N.Y. CPLR § 217(1) ....................................................................................................................... 9

N.Y. CPLR Article 78 ................................................................................................................. 8, 9

N.Y. Exec. Law § 296 .................................................................................................................. 13

New York City Human Rights Law ......................................................................................... 5, 12

New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq.* ........................ 5, 12, 13

Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, *et seq.* ........................... 4

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ......................... 5, 11, 12, 13

## Constitutional Provisions

Fourteenth Amendment of the United States Constitution ....................................................... 5, 13

## PRELIMINARY STATEMENT

Defendants United Federation of Teachers ("UFT") and New York State United Teachers ("NYSUT") (collectively "Union Defendants") respectfully submit this memorandum of law in support of their motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1) and (6) to dismiss the Complaint (Doc. No. 1) filed by *pro se* plaintiff Mushtaq Ahmad ("Plaintiff" or "Mr. Ahmad").

The Complaint contains twelve purported claims for relief under various federal, state, and local laws related to Mr. Ahmad's prior employment by the New York City Department of Education ("NYCDOE"). Of those purported claims for relief, only one, the twelfth claim for relief, is specifically against UFT and NYSUT for breach of the duty of fair representation. There is no federal subject matter jurisdiction for duty of fair representation claims by a public employee against his union. Moreover, any duty of fair representation claim under New York common law is time-barred and otherwise fatally deficient.

The other remaining claims for relief, which purport violations of various federal, state and local discrimination laws, the United States Constitution, and state tort law, are delineated against "NYC DOE et. al", rendering it virtually impossible to determine which claims are against which defendants. To the extent such claims are construed as against Union Defendants, each should be dismissed for failure to state a claim.

## STATEMENT OF RELEVANT FACTS

### A.   Plaintiff's Employment by NYCDOE[1]

From 1999 until 2004, NYCDOE employed Plaintiff as a teacher. Complaint at ¶ 17.[2] Plaintiff resigned his teaching position in 2004 in order to teach in other school districts outside of New York City, including, at least, Clarkstown Central School District and East Ramapo Central

---

[1] The facts set forth in the Complaint, except for conclusory statements or legal conclusions, are presumed to be true for purposes of the instant motion only to the extent required by law.
[2] Further citation to the Complaint will appear as "C.¶_".

1

School District. C.¶¶18; 19; 22. In August 2015, NYCDOE re-hired Plaintiff as a teacher. C.¶23. Plaintiff was assigned to the School of Democracy and Leadership ("SDL"). C.¶26. Plaintiff is a 60 year old male of Pakistani national origin. C.¶3. He is a Muslim. C.¶3. His race is Asian. C.¶52.

Plaintiff alleges that NYCDOE, and its employees, even before he was hired, retaliated against him by requiring him to teach a second demonstration lesson, allegedly because Plaintiff filed a discrimination lawsuit against the East Ramapo Central School District. C.¶¶22-25. Plaintiff further claims he was required by to give a "strange and unusual" second demonstration lesson prior to his hire at SDL. C.¶24. He claims SDL Assistant Principal Catrina Williams said it was her decision to require the second demonstration lesson, as "she doubts Muslim people and they (Muslims) are doing wrong things all over the world." C.¶26.

Plaintiff further claims that, following his hiring, the classroom to which he was assigned was on a different floor than every other classroom and, unlike the other classrooms, did not have a whiteboard or "SMART board." C.¶27. He also claims he was the only teacher in the school assigned multiple sections of "Living Environment repeater classes." C.¶29. Plainitff asserts SDL administrators discriminated against him on the basis of his race, religion and national origin and "coached, manipulated, organized and used" SDL students to also engage in discrimination. C.¶¶30,32. He also claims SDL teacher Julie Findley, his co-teacher, allowed a student to throw a solution of chemicals at Plaintiff, due to Plaintiff's race, religion, and national origin. C.¶¶33,49.

Plaintiff resigned from his employment with NYCDOE, but later rescinded his resignation. C.¶57. In a letter dated July 8, 2016, NYCDOE District 73 Superintendent Michael Prayor ("Superintendent Prayor") informed Plaintiff he was being denied completion of probation and that his employment would be terminated sixty (60) days following the date of the letter. C.¶61. Plaintiff filed an appeal to challenge Superintendent Prayor's decision to deny completion of

2

probation. C.¶62. The subsequent hearing was scheduled for June 19, 2017, and Plaintiff appeared for that hearing. C.¶63.

At the hearing, Plaintiff was informed that an outside contractor would be creating an audio recording of the proceeding, and that no other audio recording was permitted. C.¶64. Plaintiff attempted to create his own audio recording of the hearing. C.¶67. The hearing officer presiding over the proceeding refused to allow the hearing to proceed if Plaintiff would be creating his own audio recording. C.¶68. Plaintiff refused to stop his own audio recording, and the hearing was subsequently canceled. C.¶69. UFT filed an improper practice charge with the New York Public Employment Relations Board ("PERB") that addressed facts and circumstances which occurred at Plaintiff's appeal hearing. C¶72.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 28, 2017, and received a "right to sue" letter on March 14, 2018. C.¶73.

On September 1, 2017, Plaintiff was rehired by NYCDOE as a classroom teacher in the Eagle Academy for Young Men III ("Eagle Academy"). C.¶¶76-77. Plaintiff worked in that capacity for Eagle Academy until September 11, 2017. C.¶78. On September 12, 2017, he was removed from his position. C.¶79. He subsequently interviewed for a position in the Bronx Academy for Software Engineering ("BASE") but was not offered the position. C.¶¶90,94.

Plaintiff filed a second EEOC charge on April 6, 2018, which was assigned EEOC Case No. 520-2018-03107, for which he received a "right to sue" letter on or about May 23, 2018. C.¶100.[3]

---

[3] Union Defendants never received a copy of the Charge of Discrimination for Case No. 520-2018-03107. The Complaint makes clear, however, that Case No. 520-2018-03107 is against NYCDOE. C.¶100 for allegations wholly unrelated to Union Defendants. Notwithstanding, Union Defendants reserve the right to raise any additional defenses based upon the Charge of Discrimination for Case No. 520-2018-03107.

3

### B.     Union Defendants Relationship with NYCDOE and Plaintiff

NYSUT is an unincorporated association existing pursuant to the N.Y. General Associations Law that is comprised of over 1,200 local affiliates representing approximately 600,000 in-service and retired teachers, school related professionals, and other employees in the State of New York. Declaration of Michael J. Del Piano in Support of Union Defendants' Motion to Dismiss the Complaint, dated March 15, 2019, at ¶ 4.[4]

UFT is an unincorporated association existing pursuant to the N.Y. General Associations Law. Decl.¶5. UFT is a local affiliate of NYSUT. Decl.¶8. NYSUT and UFT are separate and distinct legal entities. Decl.¶9.

UFT is also an employee organization pursuant to the Public Employees' Fair Employment Act, N.Y. Civ. Serv. Law §§ 200, *et seq.* ("Taylor Law") and is the exclusive bargaining representative for, among other positions, all teachers employed by NYCDOE. Decl.¶6. UFT has approximately 183,000 in-service and retired members. Decl.¶7. During all times relevant herein, UFT and NYCDOE were parties to a collective bargaining agreement, effective from November 1, 2009 through November 30, 2018 ("CBA"). Decl.¶12; Ex. "C". As a teacher, Plaintiff was a member of the bargaining unit represented by UFT.

### C.     Plaintiff's Charges of Discrimination to the United States Equal Employment Opportunity Commission

On or about June 28, 2017, Plaintiff filed a Charge of Discrimination with the EEOC against NYCDOE and UFT. Decl. Ex. "B" at p. 1. The Charge of Discrimination was assigned EEOC Charge No. 520-2017-02916, and alleged Plaintiff was discriminated against because of his race, color, religion, national origin and age. Decl. Ex. "B", at p. 1. The Charge of Discrimination further claimed that Plaintiff was retaliated against, suffered harassment and a hostile work environment, and that there was a failure to represent him. Decl. Ex. "B", at p. 1. NYSUT is not

---

[4] Further citation to the Declaration of Michael J. Del Piano in Support of Union Defendants' Motion to Dismiss, dated November 5, 2018, will appear as "Decl.¶__." or "Decl. Ex. _".

named at all in the Charge of Discrimination. Decl. Ex. "B". The sole allegation against UFT in the Charge of Discrimination is that "United Federation of Teachers ("UFT") failed to fulfill its obligation of duty of fair representation and tried to push Ahmad to sign stipulations for the benefit of the employer (NYCDOE) and its administrators." Decl. Ex. "B" at p. 8. On March 9, 2018, Plaintiff received a Dismissal and Notice of Rights letter from the EEOC for EEOC Charge No. 520-2017-02916. C¶107.

        **D.**        **Instant Lawsuit**

Plaintiff filed the instant action on or about June 11, 2018. Decl. Ex. "A". On the Complaint, Plaintiff typed "Non-Jewish, Non-anti-Islam and Non-Muslim Hater Judge and Court Staff **Demanded**". Decl. Ex. "A". (same as original).

11 of the 12 claims for relief in the Complaint are against "NYC DOE et. al" for the following: (1) intentional discrimination and relation against Plaintiff because of his race and national origin under 42 U.S.C. § 1981; (2) discrimination and retaliation against Plaintiff because of his religion, race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); (3) conspiracy and collusion against Plaintiff and hostile work environment in violation of 42 U.S.C. § 1985; (4) discrimination and retaliation against Plaintiff because of his religion, race and national origin in violation of 42 U.S.C. § 1983; (5) discrimination and retaliation against Plaintiff because of his age in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"); (6) discrimination and retaliation against Plaintiff and intentionally causing him harm in violation of §§ 102 and 103 of the Civil Rights Act of 1991; (7) discrimination and retaliation against Plaintiff because of his religion, race, national origin, and age in violation of the New York State Human Rights Law, N.Y. Executive Law §§ 290, *et seq.* ("NYSHRL"); (8) discrimination and retaliation against Plaintiff because of his religion, race, national origin and age in violation of the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, *et seq.* ("NYCHRL"); (9) termination without a hearing in violation of the Fourteenth Amendment of the United States Constitution;

5

(10) violation of the CBA; and (11) defamation.  C.¶¶ 104-127.  The sole claim explicitly against Union Defendants is the twelfth claim for relief for breach of the duty of fair representation.  C.¶¶128-129.  More specifically, the claims for relief specifically against Union Defendants are as follows: that UFT breached its duty of fair representation by "push[ing] Plaintiff to sign stipulations for the benefit of the employer (DOE) and its administrators," and that UFT and NYSUT failed to provide proper representation and failed to process grievances "due to prejudice, hostility, collusion and conspiracy."  C.¶129.

Union Defendants requested and were granted leave to file a motion to dismiss the Complaint.

## ARGUMENT
## POINT I
### THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER DUTY OF FAIR REPRESENTATION CLAIMS BY A PUBLIC EMPLOYEE AGAINST HIS UNION

The only claim for relief explicitly asserted against Union Defendants in the Complaint is for breach of the duty of fair representation.  Respectfully, this Court has no subject matter jurisdiction over that claim.

It is settled law in the Second Circuit that federal courts do not have subject matter jurisdiction over duty of fair representation claims that involve public employees.  *See Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187 (2d Cir. 2009) (federal courts lack subject matter jurisdiction over duty of fair representation claims brought by public employees).  In *Ford*, the Second Circuit noted that "we deem it appropriate to issue a published opinion and thereby make clear beyond peradventure that this is the law of our Circuit."  *Id.  See also, Baumgart v. Stony Brook Children's Serv., P.C.*, 249 Fed. Appx. 851, 852-853 (2d Cir. 2007); *Gear v. Dep't of Educ.*, 472 Fed. Appx. 67 (2d Cir. 2012).  Like the plaintiff in *Gear*, Mr. Ahmad was employed by a school district, NYCDOE, and was a public employee.  Therefore, the Complaint must be

6

dismissed against Union Defendants under FRCP 12(b)(1) because there is no subject matter jurisdiction.

## POINT II
### THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF THE DUTY OF FAIR REPRESENTATION OR ANY OTHER CLAIM UNDER NEW YORK COMMON LAW BECAUSE SUCH CLAIMS ARE TIME-BARRED AND LACK SUFFICIENT FACTUAL ALLEGATIONS

If the Court construes the twelfth claim for relief in the Complaint under New York common law, it should be dismissed under FRCP 12(b)(6) for failure to state a claim. The allegation is "Defendant UFT failed to fulfill its obligation of duty of fair representation and tried to push Plaintiff to sign stipulations for the benefit of the employer (DOE) and its administrators. Plaintiff further alleges that UFT and NYSUT failed in providing proper representation and processing grievances due to prejudice, hostility, collusion and conspiracy." C.¶129.

To defeat a FRCP Rule 12(b)(6) motion, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678. If Plaintiff has not "nudged his claim across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 550 U.S. at 570. A court must accept as true all of the allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Any claim for breach of the duty of fair representation under New York common law is time-barred. The statute of limitations for such claims is four months from when the employee knew or should have known that the breach occurred. N. Y. CPLR § 217(2)(a). There are only

7

three interactions between the Plaintiff and UFT officials alleged in the Complaint. First, Plaintiff alleged that he brought to UFT's attention an alleged "chemical attack" perpetrated against him by a SDL student. C.¶48. Plaintiff does not allege on what date—even an approximate date—he allegedly notified UFT of this alleged incident. The second allegation of contact with UFT is that the arrangement to audio record the hearing challenging Plaintiff's termination was made without his consent. C.¶65. That hearing was held on June 19, 2017. C.¶63. The third allegation is that UFT "tried to push Plaintiff to sign stipulations for the benefit of the employer (DOE) and its administrators." C.¶102. The Complaint does not indicate what claim or claims would allegedly be resolved by these stipulations, or on what date he UFT allegedly "pushed" Plaintiff to accept them. The Complaint also does not indicate any potential grievances brought by Plaintiff to UFT that were rejected. Plaintiff does not allege any interaction with NYSUT in the Complaint.

Any possible claim for breach of the duty of fair representation must have accrued by June 19, 2017, the date of the cancelled hearing concerning Plaintiff's first termination. The Complaint does not allege any interactions between Plaintiff and UFT after that date. Any allegation that UFT breached its duty of fair representation must, logically, have occurred no later than that final interaction. If Plaintiff's assertions about the June 19, 2017 hearing are believed as true, which they must be for purposes of this motion, then he obviously knew that day about an alleged breach. *See Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (Union member's breach of duty of fair representation claim began to run on day she voiced her dissatisfaction to the union).

Even assuming a breach did not accrue until the date of Plaintiff's second termination, his claim would still be time-barred. Plaintiff's last day of work at Eagle Academy was September 11, 2017. C.¶79. He filed the initial Complaint in this matter on June 11, 2018, nine months after he was terminated. Similarly, had Plaintiff sought to challenge the NYCDOE's decision to terminate his employment by special proceeding pursuant to N.Y. CPLR Article 78, he would have had to

8

commence such an action within four months after the Board's decision was final and binding, or, in other words by January 11, 2018. N.Y. CPLR § 217(1). *See also Kahn v. New York City Dep't of Educ.*, 18 N.Y.3d 457, 462 (2012) (Terminated probationary employees had four months to commence N.Y. CPLR Article 78 proceedings to challenge terminations, notwithstanding internal appeal procedures contained in the employees' collective bargaining agreement). Further, Plaintiff's claim in this regard cannot be repurposed as a breach of contract violation to extend the statute of limitations. *See Staten v. Patrolmen's Benev. Ass'n of City of New York*, 282 F.Supp.3d 734, 739 (S.D.N.Y. 2017) (Employee's claim against union for breach of collective bargaining agreement is for violation of duty of fair representation). Thus, any claim under New York common law for breach of the duty of fair representation is time-barred.

Plaintiff further failed to plead sufficient allegations to state a claim against any Union Defendants for breach of the duty of fair representation or defamation under New York common law. To succeed on such claims, Plaintiff is required to plead and prove that every NYSUT and/or UFT member ratified the acts and/or omissions allegedly taken against him. *See Martin v. Curran*, 303 N.Y. 276 (1951). In *Martin*, a libel case against an unincorporated association labor union, like NYSUT and UFT, the Court of Appeals, interpreting N.Y. General Associations Law § 13, held that an action against an unincorporated association, or its officers, could not be maintained if it is not pleaded and proven that each individual member of the unincorporated association authorized or ratified the action complained of. *Id*. at 280. It does not matter whether the claim arises out of contract or tort. *Id*. at 281-282. The theory underlying *Martin* is that

> A voluntary, unincorporated association is neither a partnership nor a corporation. It is not an artificial person, and has no existence independent of its members. No agency of one member for another is implied. A part of the members of a voluntary organization cannot bind the others before the act which it is claimed binds them is done, or they, with full knowledge of the facts, ratify and adopt it.
> *Id*. at 280. (citations and quotations omitted)

9

The New York Court of Appeals recently reaffirmed *Martin* in *Palladino v. CNY Centro, Inc.*, 23 N.Y.3d 140 (2014).  *See also, Morton v. Mulgrew*, 144 A.D.3d 447, 448 (1st Dep't 2016).

NYSUT and UFT are unincorporated associations with approximately 600,000 and 183,000 in-service and retired members, respectively.  The Complaint plainly fails to allege each and every member of NYSUT or UFT ratified the acts/omissions set forth therein.  Moreover, it is a practical impossibility that Plaintiff would ever be able to prove each and every member of NYSUT or UFT so ratified the acts/omissions set forth in the Complaint that it would be futile to permit him to file an additional amended complaint.  *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (*pro se* plaintiffs should be permitted to amend pleadings liberally, unless amendment would be futile).  Further, there is no claim against individual union officers for breach of duty of fair representation claims.  *See Morris v. Local 819, Int'l Broth. of Teamsters*, 954 F.Supp. 573, 581 (E.D.N.Y. 1997); *Negron v. City of New York*, 2011 WL 4737068 (E.D.N.Y. 2011) (Report and Recommendation).

### POINT III

**THE COMPLAINT FAILS TO STATE A CLAIM AGAINST UNION DEFENDANTS UNDER FEDERAL, STATE, OR LOCAL DISCRIMINATION LAWS BECAUSE THERE IS NO PLAUSIBLE ALLEGATION THAT UNION DEFENDANTS DISCRIMINATED AGAINST PLAINTIFF BECAUSE OF HIS MEMBERSHIP IN A PROTECTED CLASS**

The Complaint is devoid of any factual allegation against the Union Defendants to even suggest, let alone give rise to a plausible inference, that Union Defendants were motivated by animus toward Plaintiff because of his membership in any protected class.  Instead, the Complaint

consists solely of conclusory statements and legal conclusions, which are insufficient to pass the minimum threshold to survive a motion to dismiss under FRCP Rule 12(b)(6).

A plaintiff does not have to allege a prima facie case of discrimination, but there must at least be allegations sufficient for plausible support that there was discriminatory motivation. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85-86 (2d Cir. 2015). Plausibility requires that a plaintiff plead enough facts to give rise to an inference of unlawful discrimination. *Vega*, 801 F.3d at 87. A plaintiff can do this by "alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* (citing *Littlejohn*, 795 F.3d at 310).

To establish a claim against a union under 42 U.S.C. § 1981, Title VII or ADEA, a plaintiff must show that the union breached its duty of fair representation, and that the breach was motivated by unlawful discrimination. *See Lee v. ITT Standard*, 268 F.Supp.2d 315, 336 (W.D.N.Y. 2002)("The distinction between a claim that a union breached its duty of fair representation in violation of § 301 [of the Labor Management Relations Act], and a claim for racially discriminatory failure to represent under § 1981 is the presence or absence of a discriminatory intent proscribed in § 1981."); *Operaji v. United Fed'n of Teachers*, 418 F.Supp.2d 139, 147 (E.D.N.Y. 2006)(Title VII) ; *Parker v. Metro. Transp. Auth.*, 97 F.Supp.2d 437, 448 (S.D.N.Y. 2000) (ADEA) . Similarly, 42 U.S.C. § 1985 also requires that a conspiracy "must be motivated by some racial or perhaps otherwise class based, invidious discriminatory animus." *Cine SK8, Inc., v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007). (internal marks omitted)

To establish a hostile work environment claim against a union under Title VII, a plaintiff must allege facts that plausibly establish (1) the existence of a hostile work environment, (2) that a union representative caused or attempted to cause the hostile work environment, and (3) that the representative's conduct may properly be imputed to the union. *See Agosto v. Correctional Off.*

11

*Benev. Ass'n*, 107 F.Supp.2d 294, 307 (S.D.N.Y. 2000). A hostile work environment is when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment. *See Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993).

The standards under NYSHRL are the same as Title VII. *See Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 305 fn. 3 (2004). Although the NYCHRL may be construed more liberally than Title VII or the NYSHRL, even under the NYCHRL a hostile work environment is more than simply "petty slights and trivial inconveniences." *Hernandez v. Kaisman*, 103 A.D.3d 106, 113-114 (1st Dep't 2013).

The Complaint does not contain any facts, direct or indirect, to even suggest that Union Defendants were motivated in any way by animus toward Plaintiff because of his membership in a protected class. Simply being a member of a protected class, standing alone, is insufficient to nudge Plaintiff's claims from conceivable to plausible. Moreover, Plaintiff has not alleged the type of severe or pervasive conduct to establish a hostile work environment existed, or that any of the Union Defendants caused or attempted to cause such hostile work environment.

Even if the Complaint was not utterly lacking in allegations to suggest that Union Defendants were motivated in any way by discriminatory animus, Plaintiff's claims under Title VII and the ADEA are procedurally defective. Plaintiff's alleged claims for relief against NYSUT under Title VII and ADEA should be dismissed for failure to exhaust administrative remedies. *See Legnani v. Alitalia Linee Aaree Italiane, S.P.A.*, 274 F.3d 683 (2d Cir. 2001) (Exhaustion of administrative remedies is a pre-condition to sue under Title VII and ADEA). Plaintiff never filed any Charge of Discrimination against NYSUT with the EEOC. Moreover, the Charge of Discrimination filed against UFT cannot be applied against NYSUT, as the two organizations are separate and distinct legal entities.

Further, there is no individual liability under Title VII. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Nor is there individual liability under the ADEA. *See Cherry v. Toussaint*, 50 Fed. Appx. 476, 477 (2d Cir. 2002)(per curiam); *Wray v. Edward Blank Associates, Inc.*, 924 F.Supp. 498, 503 (S.D.N.Y. 1996). Similarly, the NYSHRL prohibits individual liability absent proof of ownership of the employer, or a plausible claim of aiding an employer to "aid, abet, incite, compel or coerce the doing of the acts forbidden" under the law. N.Y. Exec. Law § 296. *See also, Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542 (1984).

### POINT IV

**UNION DEFENDANTS CANNOT BE LIABLE FOR ALLEGED VIOLATIONS OF THE UNITED STATES CONSTITITION BECAUSE THEY ARE NOT STATE ACTORS NOR WERE THEY ACTING UNDER THE COLOR OF STATE LAW**

Plaintiff's alleged claims for relief under the Fourteenth Amendment of the United States Constitution should also be dismissed because Union Defendants are not state actors and there are no factual allegations that they were acting under the color of state law. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *Vega*, 801 F.3d at 87-88. The Constitution only regulates the government, not private entities. *U.S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295-1296 (2d Cir. 1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Labor unions are not state actors. *See Ciambriello*, 292 F.3d at 323. Plaintiff further failed to allege facts to demonstrate that Union Defendants were acting under the color of state law, or that Union Defendants conspired with any state actors to deprive him of his rights. *Id.* at 324-325. Nor did Plaintiff allege facts to demonstrate that Union Defendants retaliated against him because he engaged in any protected activity. *Vega*, 801 F.3d at 91.

## CONCLUSION

Based upon the foregoing, Union Defendants respectfully request that the Complaint be dismissed as against them, with prejudice, and for such other and further relief deemed just and proper together with costs, attorneys' fees and disbursements.

Dated: New York, New York
       March 15, 2019

                                  Respectfully submitted,

                                  ROBERT T. REILLY

By:    /s/ Michael J. Del Piano
          Michael J. Del Piano
          Christopher Lewis*
          Of Counsel
          52 Broadway, 9th Floor
          New York, New York 10004
          (212) 228-3382
          mdelpian@nysutmail.org
          clewis@nysutmail.org
          *Admission to EDNY pending

          *Attorney for Union Defendants*

Legal-NYC: 194937